IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RENEE HUFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:11-CV-455 (MTT) |
| ) | |
| **MACON BEHAVIORAL HEALTH** ) | |
| **TREATMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

### I. Factual and Procedural Background

This matter is before the Court on the Defendants' Motion to Dismiss. (Doc. 10). On or about February 11, 2009, Plaintiff Renee Huff filed charges with the Equal Employment Opportunity Commission, alleging discrimination by her employer, the Defendants, based on her race and age. The alleged discrimination occurred from May 2008 until January 2009, when the Plaintiff's employment was terminated. On July 17, 2009, the Plaintiff and her husband filed for Chapter 13 bankruptcy and attached their bankruptcy schedules and statements. See *In re Huff*, No. 09-52233 (Bankr. M.D. Ga. 2009).[1] The bankruptcy petition did not identify the Plaintiff's employment discrimination claims. The Plaintiff's Chapter 13 plan was confirmed by the bankruptcy court on October 13, 2009. The Plaintiff received a notice of right to sue letter from the EEOC in

---

[1] A district court may take judicial notice of public records, including bankruptcy pleadings, and may consider them on a motion to dismiss without converting the motion to one for summary judgment. See *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53-54 (11th Cir. 2006).

August 2011. The Plaintiff then filed this lawsuit on November 14, 2011, seeking both monetary and injunctive relief.

The Defendants contend that the Plaintiff should be judicially estopped from pursuing her employment discrimination claims seeking monetary relief because she failed to disclose her discrimination claims to the bankruptcy court.[2]

## II. Discussion

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotations and citation omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.

---

[2] On April 2, 2012, the Court ordered the Plaintiff to amend her bankruptcy petition to disclose this lawsuit. The Plaintiff's bankruptcy attorney notified the Court on April 17, 2012, that the Plaintiff's bankruptcy petition had been amended and this lawsuit disclosed. The Court's April 2, 2012, order directing the Plaintiff to disclose this action in her bankruptcy case was entered with the intention of allowing the Plaintiff to potentially avoid judicial estoppel and the subsequent dismissal of her claims for monetary relief. Upon review of the applicable case law, however, and as discussed in more detail below, the Court's intended "remedy" does not bar application of judicial estoppel.

2002).  When there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Judicial Estoppel

Judicial estoppel is an equitable doctrine which prevents a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (internal quotations and citation omitted).  The Eleventh Circuit has identified two primary factors for establishing the bar of judicial estoppel.  "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding.  Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system."  *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002) (internal quotations and citation omitted).  These factors are not exhaustive, and the Court must "give due consideration to the circumstances of the particular case."  *Robinson*, 595 F.3d at 1273.

With regard to the first factor, the Plaintiff's failure to disclose her discrimination claims in her bankruptcy petition amounts to the taking of inconsistent positions under oath.  "A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court."  *Id.* at 1274 (citing 11 U.S.C. §§ 521(1), 541(a)(7)).  "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend her financial statements if circumstances change."  *Id.* (internal quotations and citation omitted).

The Plaintiff claims that she did not take inconsistent positions under oath because, at the time she filed for bankruptcy, she had not filed this lawsuit. The Plaintiff's argument is without merit. First, the Plaintiff's EEOC charge, submitted months before she filed for bankruptcy, constitutes an asset the Plaintiff was required to disclose in her bankruptcy petition. *Casanova v. Pre Solutions, Inc.*, 228 Fed. Appx. 837, 841 (11th Cir. 2007). Second, once the Plaintiff did file suit in this Court, she did not amend her bankruptcy petition to disclose the pending litigation, at least not until she was instructed of her duty to do so by the Court. Both of these actions—failure to initially list the EEOC charge as a potential asset and failure to timely amend her petition once she filed the present lawsuit—constitute the taking of inconsistent positions under oath. Thus, the first *Burnes* factor is satisfied.

The second *Burnes* factor relates to intent. When considering a party's intent for the purpose of judicial estoppel, the Eleventh Circuit requires "intentional contradictions, not simple error or inadvertence." *Robinson*, 595 F.3d at 1275 (internal quotations and citation omitted). Intent may be inferred from a "debtor's failure to satisfy its statutory disclosure duty," but such an inference is improper if "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Barger v. City of Cartersville*, 348 F.3d 1289, 1296 (11th Cir. 2003). "When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." *Robinson*, 595 F.3d at 1276.

Here, the Plaintiff undoubtedly knew about her discrimination claims, if not at the time she filed her EEOC charge, then certainly after filing her complaint in this Court, yet she made no effort to amend her bankruptcy petition until the Defendants challenged

her on the issue.[3]  Although the Plaintiff denies a motive to conceal the claims, the Eleventh Circuit has held that intent to make a mockery of the judicial system can be inferred when the debtor "knew about [her] claim and possessed a motive to conceal it because [her] amount of repayment would be less."  *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1292 (11th Cir. 2003); *Robinson*, 595 F.3d at 1275 (affirming district court's finding that debtor had a motive to conceal her claim because she could have kept "any proceeds from the suit ... for herself without their becoming part of the bankruptcy estate and going to her creditors to satisfy her debts").

Neither does the Plaintiff's recent amendment and disclosure of her discrimination claims to the bankruptcy court preclude application of judicial estoppel.  The Eleventh Circuit in *De Leon* held that a plaintiff's amendment and addition of a potential discrimination claim after the Defendant relied on it in its motion to dismiss the case was not sufficient:

> The success of our bankruptcy laws requires a debtor's full honest disclosure.  Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend [her] bankruptcy filings, only after [her] omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if [she] is caught concealing them.

*De Leon*, 321 F.3d at 1292 (quoting *Burnes*, 291 F.3d at 1288).

### III. Conclusion

Because the Plaintiff took inconsistent positions under oath and because we can infer her intent to make a mockery of the judicial system, the requirements for judicial estoppel are satisfied.  The Plaintiff has not identified any specific circumstances of her case making judicial estoppel's application inappropriate.  Accordingly, the Defendants'

---

[3] And then, only when instructed to do so by the Court.

Motion is **granted**, and the Plaintiff's claims seeking monetary relief are dismissed. The Plaintiff's claims for injunctive relief shall go forward.

**SO ORDERED,** this 18th day of April, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
